THE STATE, EX REL. DANIEL KRAUSE ET AL., v. ALFRED B. DAYTON, JUDGE OF THE DISTRICT COURT OF JERSEY CITY.

A new trial may be granted by a judge of a District Court in proceedings on a complaint for forcible entry and detainer.

Relators filed a complaint in the District Court of Jersey City against Jacob Nathan and Caroline Krause, charging them with forcible entry and detainer, &c.   The persons charged pleaded not guilty.   The jury empaneled to try the issue thus formed found them guilty.

Relators thereupon asked the district judge to order judgment upon the verdict.   The judge refused the request, and allowed a rule to show cause why the verdict should not be set aside and a new trial granted.   After hearing the parties he made the rule absolute.

Relators now ask for a *mandamus* commanding the district judge to order judgment entered on the verdict.

Argued at November Term, 1888, before Justices DEPUE, DIXON and MAGIE.

For the relators, *E. K. Seguine.*

The opinion of the court was delivered by

MAGIE, J.   If the judge of the District Court had no power to grant a new trial in cases of forcible entry and de-

tainer, he was bound by the express terms of section 146 of the "Act constituting District Courts in certain cities in this state," approved March 9th, 1877 (*Rev. Sup., p.* 249), to record the verdict and give judgment thereon. His duty in that case was absolute and not discretionary, and *mandamus* is a proper remedy to compel him to perform it. *Cortleyou* v. *Ten Eyck,* 2 *Zab.* 45.

The jurisdiction of District Courts over cases of forcible entry and detainer was conferred by subdivision XV. of the above mentioned act. The original act did not provide for a new trial in any case. But by section 10 of a supplement thereto, approved April 11th, 1884 (*Rev. Sup., p.* 259), as amended by a further supplement approved April 23d, 1888 (*Pamph. L., p.* 470), the judge of a District Court was empowered to order a new trial in every case thereafter tried in any of those courts.

The proceeding before us was commenced after the last mentioned supplement took effect. If, therefore, it constituted a case tried in the District Court, the judge had a right to grant a new trial.

The provisions in the District Court act on the subject of forcible entry and detainer were largely copied from the "Act concerning forcible entries and detainers," approved April 16th, 1846 (*Rev., p.* 439), whereby jurisdiction over complaints and proceedings thereon was conferred on justices of the peace.

The jurisdiction thus acquired was vested not in the courts for the trial of small causes, but in the justice of the peace in his official capacity. So it has been held that the power of amendment possessed by courts for the trial of small causes cannot be exercised by a justice in proceedings under the Forcible Entry and Detainer act. *Wilson* v. *Bayley,* 13 *Vroom* 132.

But the provisions of the District Court act on the subject of forcible entry and detainer must be construed as conferring jurisdiction on the court. The complaint is required to be delivered to the judge of that court, who has no other official

capacity. The proceedings are to be entered by the clerk on the docket, which is a record of the court, passing from one clerk to his successor in office. By a supplement approved January 30th, 1888 (*Pamph. L.*, *p.* 11), a District Court is made a continuous court of record. By the supplement approved April 23d, 1888 (*ubi supra*), such court was specially made a continuous court of record for the purpose or ordering a new trial. Such a construction is, moreover, rendered necessary by a consideration of the title of the District Court act. For it would be impossible to vindicate the constitutionality of those sections of that act relating to forcible entry and detainer if held to confer jurisdiction on the individual judge, because the title indicates only an intention to constitute District Courts. Construed as conferring jurisdiction on the courts thus constituted, the sections are in harmony with the title; construed otherwise, they embrace an object not expressed or included in the title. The construction, therefore, which not only seems most natural, but which would support rather than defeat so much of the act, must be adopted.

The District Court having jurisdiction over complaints of forcible entry and detainer and the issues joined thereon, the trial of such issues is the trial of a case in that court.

The judge of the District Court in the case before us had, therefore, full power to grant a new trial, and for this reason the *mandamus* applied for must be refused, with costs